NATHAN W. DAVIS, Respondent, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Appellant.

*Court of Appeals, June 29, 1888.*

Affirming same case, 14 N. Y. St. Rep. 1.

1. *Pleadings. Amendment.*—The court, at special term, has power, under section 723 of the Code, to give plaintiff leave to amend, where such amendment does not bring into the complaint a new cause of action.

2. *Same.    Test.*—That a recovery had upon the original complaint would be a bar to any recovery under the amended complaint, is a fair test to determine whether a new cause of action is alleged in the amended complaint.

3. *Same.    Barred cause of action.*—The court may, at special term, allow an amendment of a complaint by introducing therein even a cause of action barred by the statute of limitations, but in such

case the defendant must not be deprived of his defense of the statute,

4. *Same. Review.*—Where the court has power, in the exercise of its discretion, to allow an amendment, the court of appeals has no jurisdiction to review such discretion.

Appeal from an order of the general term of the superior court of the city of Buffalo, affirming an order of special term granting leave to amend the complaint.

*Norris Morey*, for appellent.

*C. N. Pooley*, for respondant.

EARL, J.—The amendment of the complaint which the court at special term gave the plaintiff leave to make, was authorized by section 723 of the Code. The amendment did not bring into the complaint a new cause of action. The cause of action alleged in the original complaint was to recover damages resulting from an injury caused to the plaintiff by the wrong of the defendant, and precisely the same cause of action is alleged in the amended complaint. It was alleged generally in the original complaint that the defendant so negligently, carelessly and unskillfully conducted its business that it failed to supply the plaintiff with suitable and safe appliance in the conduct of its business, and failed to keep the same in repair as was proper and necessary to do to secure the safety of the plaintiff; and it was specially alleged that the defendant was negligent and careless in not furnishing a safe and proper locomotive engine to the plaintiff with which to do his work, and that in consequence thereof he was injured. It turned out upon the trial, by proof given on the part of defendant, that the plaintiff may have been mistaken in his particular allegation that the engine was defective and improper, and that his injury may have been caused by improper coal furnished for use in the engine; and, therefore, to meet the case as it might be made upon the evidence, the plaintiff was permitted to insert in his amended complaint, in addi-

tion to the other allegations, averments that the fuel furnished for use in the engine was unfit, unsuitable and dangerous.

These allegations did not constitute a new cause of action; the plaintiff still based his right to recover upon the same injury caused to him at the same time and place by the wrong of the defendant, and all that was added in the amended complaint were additional specifications of the same wrong. The plaintiff when he framed his original complaint may have been mistaken as to the cause of the effects from which he suffered the injury, but he was not mistaken as to his cause of action.

It is a fair test to determine whether a new cause of action is alleged in the amended complaint that a recovery had upon the original complaint would have been a bar to any recovery under the amended complaint. If the plaintiff had, however, been beaten or nonsuited upon a trial under the original complaint, because of the insufficiency of the allegation therein contained, the judgment entered would not have barred a recovery under the amended complaint, because the judgment in such case would not have passed against the plaintiff upon the merits.

There is no doubt that the court may at special term allow an amendment of a complaint by introducing therein even a cause of action barred by the statute of limitations. But in such case the defendant must not be deprived of his defense of the statute.

As the court had power in the exercise of its discretion to allow this amendment, we have no jurisdiction to review its discretion, and the appeal should therefore be dismissed, with costs.

All concur.